IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES JR. MHOON                                                                                          PLAINTIFF

VS.                                                                       CIVIL ACTION NO. 3:17-cv-505-DPJ-FKB

CENTURION OF MISSISSIPPI,
LLC, et al.                                                                                                      DEFENDANTS

REPORT AND RECOMMENDATION

This case is before the undersigned on the Motion for Summary Judgment [51] filed by Defendants Centurion of Mississippi, LLC ("Centurion"), Dr. Hendrick Kuiper, and Kimberly Brown, NP. Plaintiff James JR. Mhoon, *pro se*, has filed a Response to Motion [57] in opposition to the Defendants' summary judgment motion, and Defendants have filed a reply [58] to Plaintiff's response. The undersigned, having considered the parties' submissions, recommends that Defendants' motion [51] be granted.

Mhoon's complaint arises from dissatisfaction with medical treatment received while an inmate in the custody of the Mississippi Department of Corrections at the East Mississippi Correctional Facility ("EMCF"). Seeking recovery under 42 U.S.C. § 1983, he claims that Defendants Centurion, Dr. Hendrick Kuiper, and Nurse Practitioner Kimberly Brown violated his Eighth Amendment rights by rendering treatment that was "deliberately indifferent" to his serious medical needs. Mhoon is currently incarcerated at the Mississippi State Penitentiary and is proceeding *in forma pauperis*, subject to the Prison Litigation Reform Act (PRLA).

BACKGROUND

The timeline of events relevant to Mhoon's suit begans on or about March 8, 2017, when Nurse Brown placed him on Depakote. *See* Omnibus Hr'g Tr. [36] at 5; Am. Compl. [10] at 1. Sometime later, during a lockdown, Mhoon suffered injuries when he jumped down from his bed,

1

became dizzy, hit his neck on a stainless steel toilet, and apparently lost consciousness. [10] at 1-2. A nurse found him at approximately 3:30 a.m., and he later learned that in addition to his head injury, he broke his "pinky" finger. *Id.* at 2. Mhoon stopped taking the Depakote at this time. *Id.*

On or about March 14, 2017, Mhoon received medical treatment for his injuries from Nurse Brown and Nurse Dunn. *Id.* at 4-5.[1] At the March 14th office visit, Nurse Dunn discussed with him the side effects of Depakote, including hypotension and passing out. *Id.* at 5. Mhoon alleges that Brown did not advise him of Depakote's side effects. *Id.* at 4-5. He also alleges that during the same visit, when he asked Nurse Brown why she had not informed him about the side effects, Brown became defensive. *Id.* at 4-5. Mhoon's medical records indicate that after this visit, he was agreeable to resuming Depakote, and in fact continued to take it. *See* Pl.'s Sealed Medical Records [54].[2]

Later, on April 12, 2017, Dr. Kuiper prescribed Naproxen to Mhoon for relief from pain caused by the fall. [10] at 7. Plaintiff alleges that within a few days of taking the Naproxen, he broke out in a rash. [36] at 6, 8. Plaintiff's medical chart indicates he is allergic to Tylenol and Ibuprofen, and he maintains that a nurse told him that Naproxen has the same ingredients as Tylenol. *Id.* at 7, 9. Based on information from this nurse, Mhoon alleges that Kuiper knowingly prescribed him a disclosed allergen. [10] at 8; [57-1] at 2. Plaintiff admits, however, that 7-10 days after his rash began, Dr. Kuiper discontinued the Naproxen prescription and prescribed an ointment for the rash. [36] at 8.

Mhoon filed a grievance against Nurse Brown through EMCF's Administrative Remedy Program ("ARP") for failure to advise of Depakote's side effects. [57-2]. He completed the first

---

[1] *See* Pl.'s Sealed Medical Records [54] at 29-32.
[2] *See* Pl.'s Sealed Medical Records [54] at 1-3 (7/14/2017 visit); 6 (5/24/2017 visit); 10-11 (5/10/2017 visit); 14-15 (5/2/2017 visit); 22-23 (3/27/2017 visit); 26-27 (3/24/2017 visit); 29-32 (3/14/2017 visit).

and second steps of the ARP process but did not mention Dr. Kuiper or the allergic reaction to Naproxen in any of his ARP grievances. [75-2]. In his response [57] in opposition to the summary judgment motion, Mhoon states that he did not realize he was supposed to name Dr. Kuiper in his ARP grievance. *See* [57] at 1-2; [57-1] at 1-2. After completing the ARP grievance process, Plaintiff filed suit against Nurse Brown, Dr. Kuiper, and Centurion. Plaintiff has sued Centurion because he believes it is the company that employs Brown and Kuiper. [36] at 10-11.

Defendants have moved for summary judgment on multiple grounds. Defendants assert that neither Brown nor Kuiper's actions constitute deliberate indifference. Defendants also contend that because Mhoon made no mention of Kuiper or the allergic reaction to Naproxen in any ARP grievance, he did not exhaust administrative remedies with respect to Kuiper. Lastly, Defendants maintain that Plaintiff's claim against Centurion should be dismissed because there is no vicarious liability in a § 1983 action.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch and Center*, 174 F.3d 629, 633 (5th Cir. 1999) (quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir.), cert. denied, 525 U.S. 1054, (1998)). Issues of fact are material if "resolution of the issues might affect the outcome of the suit under governing law." *Lemoine*, 174 F.3d at 633. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(emphasis omitted). Moreover, the non-moving party's burden to come forward

with "specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

## ANALYSIS

### 1. Deliberate Indifference to Serious Medical Needs

Plaintiff has accused Brown and Kuiper of deliberate indifference to his medical needs. In *Estelle v. Gamble*, the Supreme Court concluded that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,'" *Gregg v. Georgia*, supra, at 173, 96 S.Ct. at 2925 (joint opinion), proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976). The Court cautioned that "[t]his conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 429 U.S. 105. "An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain." *Id.* The Court went on to opine as follows with respect to medical claims in particular:

> Similarly, in the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105-106.

In the case presently before the Court, Mhoon has alleged that Brown prescribed him Depakote without advising him of its side effects and that Kuiper prescribed him Naproxen when

Kuiper knew or should have known that he was allergic to Naproxen. Neither of these allegations rise to the level of medical care "repugnant to the conscience of mankind."

Brown's alleged failure to inform could certainly be deemed negligent medical treatment, but it was not an act constituting "an unnecessary and wanton infliction of pain" as required for culpability under the Eighth Amendment. Similarly, prescribing medication to which a prisoner is allergic, when unaccompanied by further indifference, does not violate the Eighth Amendment. *See Stevens v. King*, Civil Action No. 2:04-cv-200-KS-RHW, 2006 WL 1195626 at *3 (S.D. Miss. Apr. 28, 2006) ("This [prescribing medicine which Defendant knew Plaintiff claimed to be allergic to] may be malpractice or negligence, but without a showing of intent to harm, there is no violation of the Eighth Amendment."). After Mhoon's allergic reaction, Kuiper's discontinuance of the Naproxen coupled with his prescribing ointment for the rash once he knew of it further supports a finding that Kuiper did not intend to harm the Plaintiff by prescribing the Naproxen and therefore did not violate the Eighth Amendment. "The fundamental rule is that negligence, or even gross negligence, cannot be the basis of a claim pursuant to 42 U.S.C. § 1983." *Id.* (citing *Hare v. City of Corinth*, MS, 74 F.3d 633, 645 (5th Cir. 1996)).

2. **Failure to Exhaust Administrative Remedies**

The record reflects that Mhoon failed to exhaust remedies for his claims against Dr. Kuiper. His ARP records detail complaints about Brown but do not mention Dr. Kuiper or the allergic reaction to Naproxen. Because Mhoon made no mention of Dr. Kuiper or the allergic reaction incident in his ARP grievances, he failed to provide necessary notice of his complaints to Dr. Kuiper. *See Ferguson v. Ellis*, Civil Action No. 3:17-cv-165-DPJ-FKB, 2019 WL 1560479 at *4-*5 (S.D. Miss. Feb. 4, 2019) (finding Plaintiff failed to exhaust claims against defendants who

were not named in Plaintiff's ARP grievance); *Hayes v. Dunn*, Civil Action No. 3:14-cv-468-LRA, 2016 WL 884654 at *3-*4 (S.D. Miss. Mar. 8, 2016).

When litigating claims under the PLRA, "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 84, 126 S. Ct. 2378 (2006). Satisfaction of the exhaustion requirement is not a matter "left to the discretion of the district court, but is mandatory." *Id.* at 85. The exhaustion requirement helps fulfill the PLRA's goal of "affor[ding] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id.* at 93. When a prisoner brings a complaint in federal court against a defendant without providing sufficient details regarding the individual or incident complained of, courts have found that the PLRA exhaustion requirement has not been met. *See Ferguson* at *4-*5; *Hayes* at *3-*4.

Mhoon's ARP grievances contain no reference to Dr. Kuiper, the Naproxen prescription, or the allergic action, thereby validating a finding that Plaintiff did not exhaust his remedies with respect to Dr. Kuiper. It follows that Dr. Kuiper's dismissal from this case is supported by both the lack of deliberate indifference and Plaintiff's failure to exhaust EMCF's ARP process.

### 3. Vicarious Liability

Based on the following exchange at the omnibus hearing in this case, the undersigned construes Plaintiff's claim against Centurion as a claim for vicarious liability under respondeat superior:

| | |
|---|---|
| THE COURT: | All right. Well, you've told me – so you don't know any reason, specifically, that you're suing Centurion? |
| MR. MHOON: | Because they sponsor these people, right? |
| THE COURT: | I don't have all the information about that, but my assumption would be that Nurse Practitioner Brown and Dr. Kuiper work for Centurion. |

| | |
|---|---|
| MR MHOON: | Right, for this company so— |
| THE COURT: | So the only reasons that you're suing Centurion is because of the acts or inactions— |
| MR. MHOON: | The defendants. |
| THE COURT: | --of Nurse Brown or Dr. Kuiper? |
| Mr. MHOON: | Yes, sir. |

*See* Omnibus Hr'g Tr. [36] at 11 (11:1-14).  However, "there is no vicarious liability under section 1983."  *Reed v. Mgmt. & Training Corp.*, Civil Action No. 3:14-cv-452-LRA, 2016 WL 1050739 at *3 (S.D. Miss. Mar. 16, 2016) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-95 (1978)).  "Fifth Circuit precedent requires either **personal involvement by an individual Defendant** in the alleged violation, or the **enforcement of some policy or practice resulting in the constitutional deprivation**."  *Id.* (citing *Champagne v. Jefferson Par. Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999)) (emphasis in original).  "The law is clear that § 1983 liability may not be based upon a theory that a defendant was liable in a supervisory capacity—known in the law as the theory of respondeat superior."  *Id.* (citing *Booker v. Koonce*, 2 F.3d 114, 116 (5th Cir. 1993), citing *Monell*, 436 U.S. at 694); *Oliver v. Scott*, 276 F.3d 736, 742 & n. 6 (5th Cir 2002).

Without a showing of independent liability, Mhoon can only recover against Centurion by demonstrating "(1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom."  *Green v. Mgmt. & Training Corp.*, Civil Action No. 3:17-cv-149-MPM-JMV, 2019 WL 3557348 at *2 (N.D. Miss. Aug. 5, 2019) (citing *Rivera v. R.H. Indep. Sch. Dist.*, 349 F.3d 244, 247-249 (5th Cir. 2003)).  Although it could be argued that Mhoon has alleged a pattern or practice of failing to discuss side effects of medication, he cannot recover under the "policy or

7

custom" theory of liability because he has not identified a policymaker, and Brown and Kuiper's actions—as discussed above—do not rise to the level of a constitutional violation.

## CONCLUSION

Because Mhoon has not alleged legally sustainable claims against any defendant in this case, the undersigned recommends that this matter be dismissed in its entirety.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event he desires to file objections to these findings and recommendations. Plaintiff is further notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar him, except upon grounds of plain error, from attacking on appeal the unobjected to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428 29 (5th Cir. 1996).

Respectfully submitted, this the 31st day of January, 2020.

      /s/ F. Keith Ball                    
UNITED STATES MAGISTRATE JUDGE