UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES JR. MHOON                                                                                  PLAINTIFF

V.                                                                CIVIL ACTION NO. 3:17-CV-505-DPJ-FKB

CENTURION OF MISSISSIPPI, LLC, ET                                                     DEFENDANTS
AL.

ORDER

Plaintiff James JR. Mhoon alleges that Defendants Doctor Hendrick Kuiper's and Nurse Practitioner Kimberly Brown's poor medical treatment during his incarceration violated his Eighth Amendment rights. Defendants Dr. Kuiper, Nurse Brown, and Centurion of Mississippi, LLC, moved for summary judgment on Mhoon's claims. Defs.' Mot. [51]. Magistrate Judge F. Keith Ball recommended that Defendants' motion be granted. R&R [61] at 1. Mhoon filed objections [64] to Judge Ball's Report and Recommendation (R&R), and Defendants responded [65]. For the following reasons, the Court adopts the R&R and grants Defendants' summary-judgment motion.

I.   Background

In March 2017, while he was incarcerated at the East Mississippi Correctional Facility in Meridian, Mississippi, Nurse Brown treated Mhoon, prescribing him Depakote. While taking that medication, Mhoon "jump[ed] down out of bed to use the bathroom, [took] a few steps[,] . . . felt dizzy, . . . and fell," hitting his head/neck on his toilet. Pl.'s Am. Compl. [10] ¶¶ 5–6. After this incident, he "immediately cutback on taking the Depakote." *Id.* ¶ 10. Mhoon alleges that Nurse Brown never told him Depakote's side effects. *Id.* ¶ 21.

In April 2017, Mhoon saw Dr. Kuiper about the lingering pain from his fall. *Id.* ¶ 35. To treat the pain, Dr. Kuiper prescribed Naproxen. *Id.* ¶ 37. After about a week on Naproxen,

Mhoon "discove[re]d that [he] was br[e]aking out in a rash on [his] legs and face[.]"  *Id.* ¶ 38.  One of the nurses told Mhoon that Naproxen had the same ingredients as Tylenol, to which Mhoon was allergic.  *Id.* ¶ 39–40.  A week later, Dr. Kuiper discontinued the Naproxen.  Tr. [36] at 8.

Mhoon filed a grievance against Nurse Brown pursuant to the Mississippi Department of Corrections' (MDOC) Administrative Remedy Program (ARP).  Grievance [57-2] at 4–6.  He completed the first and second step of the ARP as to Nurse Brown but did not mention Dr. Kuiper or the Naproxen incident.  *See id.*

After following the ARP grievance process, Mhoon filed this action and named Nurse Brown, Dr. Kuiper, and Centurion as defendants.[1]  He alleges that Nurse Brown violated the Eighth Amendment's cruel-and-unusual-punishment clause by failing to explain Depakote's side effects.  Pl.'s Am. Compl. [10] at 8.  Mhoon also says Dr. Kuiper violated the cruel-and-unusual-punishment clause by prescribing him medication to which he was allergic.  *Id.* at 8–9.

II.     Standard

Summary judgment is warranted under Federal Rule of Civil Procedure 56(a) when evidence reveals no genuine dispute regarding any material fact and the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

---

[1] Mhoon named Centurion as a defendant because it "sponsor[s]" Nurse Brown and Dr. Kuiper.  Tr. [36] at 11.  That is, "the only reason[] that [Mhoon is] suing Centurion is because of the acts or actions . . . of Nurse Brown [and] Dr. Kuiper[.]"  *Id.*

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little*, 37 F.3d at 1075; *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

But "[w]here the burden of production at trial ultimately rests on the nonmovant, 'the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case.'" *Cuadra v. Hous. Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (quoting *Shields v. Twiss*, 389 F.3d 142, 149 (5th Cir. 2004)). If the movant does so, "[t]hen, 'the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial."'" *Id.* (quoting *Shields*, 389 F.3d at 149; Fed. R. Civ. P. 56(e)).

III. Analysis

The Court agrees with Judge Ball's analysis and recommendations and therefore adopts the R&R without modification. This Order merely addresses Mhoon's objections.

A.  Destruction of Property

Mhoon's first objection is a little hard to follow. In it, he states:

> Plaintiff asserts that due to the State of Emergency at the Mississippi Dept. of Corrections and the Loss of All Plaintiffs Property and legal work. unless M.D.O.C. Replaces or Compensate me for the distruction of my property. There is Nothing I Can do to defend my Case.

Objs. [64] at 1.

As an initial point, "[p]arties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Here, Mhoon's first objection does not appear to challenge any of Judge Ball's findings or recommendations and instead seems to seek compensation for the "d[e]struction" of his "legal work." Objs. [64] at 1 (asserting that MDOC must "replace[] or compensate").

To the extent this is a new claim, "issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001); *see also Omran v. Prator*, 674 F. App'x 353, 355 (5th Cir. 2016) ("Omran's equal-protection claim will not be considered because it was raised for the first time in his objections to the magistrate judge's report and recommendation."). Moreover, under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such

4

administrative remedies as are available are exhausted." There is no evidence Mhoon exhausted his administrative remedies through the ARP before bringing this new claim. Accordingly, if this is a new claim, it is not properly before the Court.[2]

B.      Nurse Brown's Deliberate Indifference

Judge Ball entered his R&R after considering the filings and conducting an omnibus hearing. On that record, he concluded that Mhoon could not show Nurse Brown acted with deliberate indifference when prescribing Depakote. Mhoon now says in his objections that Nurse Brown violated his Eighth Amendment rights because "causing Mhoon to pass out, hit his neck on a stainless steel toilet, and breaking his right pinky finger" shows "deliberate indifference in [Nurse] Brown[']s mere actions." Objs. [64] at 2. He also contends that Defendants are not entitled to summary judgment because "there is a genuine dispute" over whether "Nurse Brown has [exhibited] i[m]proper conduct and failed to uphold the code of ethics as a professional, and utilize her knowledge as a professional." *Id.* at 3; *see also id*. (arguing that Nurse Brown's conduct was "outside the color of nursing, and that in itself shows deliberate indifference").

This objection simply reargues the same points Judge Ball addressed in the R&R. Mhoon must show more than negligent conduct; he must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A doctor or nurse's failure to inform a patient of the potential side effects

---

[2] Perhaps Mhoon means instead that he is precluded from filing proper objections—though he does mention a demand for compensation. If so, the argument is not compelling. As noted, Mhoon was required to "specifically identify those findings objected to." *Battle*, 834 F.2d at 421. Yet he did not object to Judge Ball's recitation of the facts, all of which were within his personal knowledge. As for the legal issues, Judge Ball's analysis was correct, and Mhoon has not identified the specific materials he is missing or how they would help him better respond. In any event, Mhoon was able to file objections.

5

of a medication, without more, does not satisfy this standard. *Howard v. Saucier*, No. 5:14-CV-66-DCB-MTP, 2016 WL 1068740, at *4 (S.D. Miss. Jan. 20, 2016) ("[T]he alleged failure to inform the Plaintiff of Prednisone's possible side effects is, at most, negligence, which is insufficient to establish a constitutional violation." (citing *Pabon v. Wright*, 459 F.3d 241, 250–51 (2d Cir. 2006))).

C. Nurse Brown's Prior Conduct

Mhoon also asserts as to Nurse Brown that "[i]f a[n] investigation is properly done, it would show that Nurse Brown[']s actions as a medical professional has been in question on other occas[]ions, giving rise to her unprofessional and [sic] acting with malice." Objs. [64] at 2. Mhoon does not cite any evidence of Nurse Brown exhibiting unprofessional conduct on any other occasion. Unsubstantiated assertions cannot defeat summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Little*, 37 F.3d at 1075).

D. Unexhausted Claims in Mhoon's Complaint

As noted above, Mhoon was required to exhaust administrative remedies through the ARP before bringing this § 1983 case. 42 U.S.C. § 1997e(a). Judge Ball concluded that he failed to do so for the pleaded claim against Dr. Kuiper related to Mhoon's allergic reaction to Naproxen. R&R [61] at 5. Mhoon stated that when he filed his grievance against Nurse Brown, "the incident with Dr. Kuiper had not yet transpired," and if he tried to add Dr. Kuiper to his grievance, then it would have been dismissed because "[i]t's against M.D.O.C. policy to have or even mention a second party." Objs. [64] at 2. The Court construes this as a futility argument.

Futility is a valid exception to exhaustion requirements under some federal statutes. *See, e.g.*, *Taylor v. Prudential Ins. Co.*, 954 F. Supp. 2d 476, 479 (S.D. Miss. 2013) (addressing futility under the Employee Retirement Income Security Act). But the exhaustion requirements

of § 1997e(a) are "mandatory." *Randall v. Nash*, 505 F. App'x 372, 373 (5th Cir. 2013) (citing *Jones v. Bock*, 549 U.S. 199, 211 (2007)). Simply put, "[t]here is no futility exception to [§ 1997e(a)'s] exhaustion requirement." *Id.* (citing *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001)). Thus, "unexhausted claims [like these] may not be brought in court." *Id.* Mhoon's futility objection fails.[3]

IV. Conclusion

The Court has considered all arguments. Those not addressed would not change the outcome. For the reasons stated, the Court finds that the R&R [61] should be adopted as the opinion of the Court. Defendants' motion for summary judgment [51] is granted. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 25th day of February, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Even on its merits, the objection would be unsuccessful. Mhoon is correct on one point: he would not be allowed under MDOC policy to name Dr. Kuiper in his grievance against Nurse Brown. MDOC's policy says that a grievance will be rejected if "[t]he inmate has requested a remedy for more than one incident (a multiple complaint)." MDOC Inmate Handbook, ch. VIII, § V.D, *available at* https://www.mdoc.ms.gov/Inmate-Info/Pages/Inmate-Handbook.aspx. (The Court may take judicial notice of the MDOC Handbook under Federal Rule of Evidence 201(b).) This does not mean, however, that Mhoon was out of options; the proper way to exhaust his administrative remedies was to file a separate grievance against Dr. Kuiper. According to the record before the Court, Mhoon never did.